```
           UNITED STATES DISTRICT COURT
          MIDDLE DISTRICT OF PENNSYLVANIA

DENNIS J. BAKER,            :    CIVIL NO. 3:05-1438
                            :
          Plaintiff         :
                            :
     v.                     :    (Judge Nealon)
                            :
JO ANNE B. BARNHART,        :    (Magistrate Judge Smyser)
Commissioner of Social      :
Security,                   :
          Defendant         :
                            :
```

**REPORT AND RECOMMENDATION**

The plaintiff has brought this action under the authority of 42 U.S.C. § 405(g) to obtain judicial review of the decision of the Commissioner of Social Security denying the plaintiff's claim for disability insurance benefits.

**I. Procedural Background**

The plaintiff applied for disability insurance benefits on November 25, 2003, alleging a disability since November 1, 2001 due to low back problems.  Tr. 109-11, 150.  His application was denied initially. He filed a request for a hearing.  Tr. 78-81, 75.  On May 6, 2004, the plaintiff and a vocational expert (VE) testified at an administrative hearing.  Tr. 18-68.  On April 5, 2005, the administrative law judge (ALJ) issued a decision

denying the plaintiff's claim. Tr. 14-17. The plaintiff requested review from the Appeals Council, which denied his request on June 11, 2005. Tr. 6-8. Thus, the ALJ's decision became the final decision of the Commissioner. 42 U.S.C. § 405(g).

**II.   Factual Background**

The plaintiff was fifty-years-old at the time of the ALJ's decision. Tr. 23. He is a high school graduate who attended special education classes. Tr. 154-55. Before his alleged onset date, the plaintiff had worked for the preceding fifteen years at a paper company, most recently operating a paper-roller machine. Tr. 151. He suffered a work injury on January 30, 2000 when he fell into a hole, twisting his back. Tr. 247. He continued to work, with some restrictions. He admitted that he did not always follow the restrictions. Tr. 27, 237, 246-47. The company closed in November of 2001, and the plaintiff was laid off. Tr. 237.

Stuart A. Hartman, D.O., began treating the plaintiff on June 20, 2000 for low back pain. Tr. 247. Before he began seeing Dr. Hartman, the plaintiff had undergone physical therapy

following his January 2000 injury.  *Id.*  At Dr. Hartman's referral, the plaintiff returned to physical therapy in August 2000 to help "loosen him up." The plaintiff was discharged from therapy in October 2000.  Tr. 244-45.

When Dr. Hartman saw the plaintiff on November 20, 2001, the alleged disability onset date, he noted that the plaintiff needed a therapy program to help him get back to gainful employment. Tr. 240.  He diagnosed chronic low back pain with some degenerative disc disease, herniated disc and right sacroiliac syndrome.  *Id.*  Dr. Hartman's diagnoses were the same in March of 2002, although straight-leg raising had improved.  Tr. 239.  The plaintiff reported that his activity level was improving although he still had low back and right leg pain.  *Id.*

A February 29, 2000 MRI of the plaintiff's lumbar spine was negative.  Tr. 247.  The physician who reviewed the MRI initially imposed restrictions on the plaintiff's work activity.  *Id.*  By March 10, 2000, however, the physician indicated that the plaintiff could perform his work without restrictions, although he acknowledged that the plaintiff would experience some symptoms.  *Id.*  A second MRI in June of 2001 revealed a "very

3

small disc bulge" at L-3 which was "of minimal magnitude with a very slight subjective increase since the February 29, 2000 MRI." Tr. 242. It also revealed a small disc bulge at the L4-5 level that was "even less likely of significance." *Id.* The MRI results were otherwise unremarkable. *Id.*

A behavioral evaluation was conducted in December of 2001 by Michael E. Schatman, Ph.D. Tr. 202-204.

Dr. Hartman wrote a letter to an insurance company in April of 2002 in which he opined that, although the plaintiff had been laid off since April of 2001, he was not incapable of working at his previous job as of November 20, 2001.  Tr. 237.  Dr. Hartman reported that the plaintiff was continuing with an exercise program, and opined that the plaintiff was close to reaching maximum medical improvement.  *Id.*

May 14, 2003 MRIs of the plaintiff's lumbar spine, pelvis and sacroiliac joints revealed no abnormalities.  Tr. 209-10. September 26, 2004 x-rays of the plaintiff's lumbar and cervical spine were likewise normal.  Tr. 304-05.

4

In May of 2004, Dr. Hartman completed a medical source statement in which he opined that the plaintiff was capable of frequently lifting ten pounds and standing or walking for at least two hours in an eight-hour day.  Tr. 272.  He also opined that the plaintiff's ability to push and pull was limited in the lower extremities, and the plaintiff needed to alternate sitting and standing.  Tr. 272-73.

The plaintiff saw William D. Thomas, M.S., a psychologist, at the request of his attorney, on April 19, 2004.  Mr. Thomas opined that the plaintiff was mildly retarded and functionally illiterate.  Tr. 270.  Mr. Thomas further opined that the plaintiff was capable only of light entry level work given his physical and mental capacities.  *Id.*  Mr. Thomas administered IQ testing and found that the plaintiff had a verbal IQ of 66, a performance IQ of 74 and a full scale IQ of 67.  Tr. 268.

### III.  Disability Determination Process

The Commissioner has promulgated regulations creating a five-step process to determine if a claimant is disabled.  The ALJ must sequentially determine:  (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant

has a severe impairment; (3) whether the claimant's impairment meets or equals a listed impairment; (4) whether the claimant's impairment prevents him from doing past relevant work; and (5) whether the claimant's impairment prevents him from doing any other work.  20 C.F.R. § 404.1520.

Here, the ALJ determined that (1) the plaintiff had not engaged in substantial gainful activity since his alleged disability onset date, and that (2) the plaintiff's degenerative disc disease of the spine and mild mental retardation are not severe because they do not significantly limit his physical or mental ability to do basic work activities.  Tr. 15.  Because the plaintiff does not have any severe impairments, the ALJ concluded that he is not disabled under the Act.  Tr. 17.  20 C.F.R. § 404.1520(c).  Thus, the ALJ did not proceed past the second step of the sequential evaluation.  *Id.*

**IV.  Discussion**

The plaintiff argues that the ALJ erred in not finding that he meets or equals Listing 12.05C, that his degenerative disc disease is a severe impairment, that his education level is illiterate or marginal, and that he was entirely credible.

   A.  Standard of Review

   When reviewing the denial of disability benefits, we must determine whether the denial is supported by substantial evidence.  *Brown v. Bowen*, 845 F.2d 1211, 1213 (3rd Cir. 1988); *Mason v. Shalala*, 994 F.2d 1058 (3rd Cir. 1993).  Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Pierce v. Underwood*, 487 U.S. 552 (1988); *Hartranft v. Apfel*, 181 F.3d 358, 360. (3d Cir. 1999).  It is less than a preponderance of the evidence but more than a mere scintilla.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).


   B.  Whether the ALJ erred in finding that the plaintiff did not meet or equal Listing 12.05C

   The plaintiff argues that the ALJ erred in finding that his degenerative disc disease and mild mental retardation were not severe impairments.  Tr. 17.  He argues that he met the requisite level of severity for Listing 12.05C by virtue of the combination of his full scale IQ of 67 and his degenerative disc disease of the lumbar spine.  *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 12.05 (requiring (1) a verbal, performance or full scale IQ of 60 to 70, and (2) a physical or other mental impairment

7

that imposes an additional and significant work-related limitation of function).

The claimant bears the burden of showing that his impairments are severe. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

> The Commissioner may deny an applicant's claim for failure to establish the existence of a "severe impairment" at step two of the sequential framework. But step two should rarely be the stage at which an applicant's claim is rejected. "The step-two inquiry is a de minimis screening device to dispose of groundless claims[,]" *Newell v. Commissioner of Social Security,* 347 F.3d 541, 546 (3d Cir. 2003)(citations omitted), and "because step two is to be rarely utilized as basis for the denial of benefits, its invocation is certain to raise a judicial eyebrow." *McCrea v. Commissioner of Social Security,* 370 F.3d 357, 361 (3d Cir. 2004) (citation omitted). "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality or a combination of slight abnormalities which have 'no more than a minimal effect on an individual's ability to work.'" *Newell,* 347 F.3d at 546 (quoting Social Security Ruling 85-28, 1985 SSR LEXIS 19, at *6-7). "Only those claimants with slight abnormalities that do not significantly limit any 'basic work activity' can be denied benefits at step two." *Id.* (quoting *Bowen v. Yuckert,* 482 U.S. 137, 158, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987) (O'Connor, J., concurring)). "If the evidence presented by the claimant presents more than a 'slight abnormality,' the step-two requirement of 'severe' is met, and the sequential evaluation process should continue." *Id.* (citation omitted). "Reasonable doubts on severity are to be resolved in favor of the claimant." *Id.* at 547.

*Jakubowski v. Commissioner,* 131 Fed. Appx. 341 (3d Cir. 2005).

The ALJ found that the plaintiff has medically determinable impairments that are not severe. The medically determinable impairments are degenerative disc disease of the lumbar spine and mild mental retardation.

The plaintiff's brief focuses to a large extent upon Step Three arguments in a case decided at Step Two. The plaintiff's references to Step Three are not useful to the court.

A severe impairment is a medically determinable impairment that significantly limits a person's ability to perform work-related activities. 20 C.F.R. § 404.1520-21. The ALJ found that the plaintiff's medically determinable impairments could reasonably cause the plaintiff's symptoms. Tr. 16. The ALJ found that a combination of a degenerative disc disease of the lumbar spine and a mild mental retardation (IQ of 67) does not significantly limit a person's ability to perform basic work-related activities. However, the ALJ's analysis and decision can not be reasonably construed not to contain a finding that the combination of impairments in this case does significantly limit the plaintiff's ability to perform basic work-related activities in that it prevents the plaintiff from performing heavy work.

9

The ALJ assigned significant weight (Tr. 16) to a physical assessment finding of an ability to perform medium work.  Since the ALJ found a physical assessment finding to be relevant, the ALJ had found that the plaintiff's back impairment affects the plaintiff's ability to perform basic work-related activities. The assessment, while it may serve to prove an ability to perform some work-related activities, carries also the implicit meaning that the impairments significantly impact the ability to perform work activities, those associated with heavy work.

The plaintiff had performed basic work-related activities in work at the very heavy level.  Tr. 64.  The ALJ's Decision does not state that he can perform these very heavy work-related activities that he performed in the past.  The Decision, in emphasizing that he can do medium work, implicitly concludes that he can not perform very heavy work-related activities.  The finding that he is not significantly affected in his ability to perform basic work-related activities is, therefore, not consistent with the evidence or the underlying findings of the ALJ.

There is not substantial evidence supporting the finding that at step two the plaintiff does not have a severe impairment. Therefore, it is recommended that the case be remanded to the Commissioner with instructions to proceed to a step three analysis.

                                                            **/s/ J. Andrew Smyser**
                                                              J. Andrew Smyser
                                                              Magistrate Judge

Dated:   February 24, 2006.